UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID KELLY, RICHARD NORKO, ANNETTE DOBBS and PETER DELLOLIO, for themselves and others similarly-situated, : : : : Plaintiffs, : : v. : : HONEYWELL INTERNATIONAL INC., : : Defendant. : : | CLASS ACTION CIVIL ACTION NO. APRIL 6, 2016 |

**COMPLAINT**

Plaintiffs David Kelly, Richard Norko, Annette Dobbs, and Peter Dellolio, for themselves and other similarly-situated retirees and surviving spouses, file this complaint against defendant Honeywell International Inc. to enforce their right to lifetime "full medical coverage" under collective bargaining agreements and employee welfare plans.

1. Plaintiffs seek to enforce rights to collectively-bargained lifetime "full medical coverage" that the International Union, United Automobile, Aerospace and Agricultural implement Workers of America (UAW), and its Locals 1010 and 376 negotiated (with the words: "All . . . future retired employees and surviving spouses shall continue to receive . . . full medical coverage . . . for the life of the retiree or surviving spouse") for the plaintiffs and similarly situated retirees and surviving spouses.

2. In a December 28, 2015 letter to plaintiffs, Honeywell (after providing the agreed upon contractual benefits for over twenty years) announced that it would terminate retiree medical coverage effective December 31, 2016.

### Jurisdiction and Venue

3. This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

4. Venue is proper under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

### Operations of Stratford Plant

5. From 1951 until 1984 AVCO Corporation operated the Stratford Plant as part of its Lycoming Division.

6. In 1984 Textron Corporation acquired AVCO Corporation.

7. From 1984 until 1994 Textron Corporation operated the Stratford Plant as part of its Textron Lycoming Division.

8. On October 28, 1994, AlliedSignal purchased the business of the Textron Lycoming Division from Textron Corporation.

9. From October 28, 1994 until September 30, 1998, AlliedSignal operated the Stratford Plant

10. On September 30, 1998, AlliedSignal closed the Stratford Plant, having moved the work to a non-union facility in Phoenix, Arizona.

### Parties

11. Plaintiff David Kelly resides in Milford, Connecticut. He began work at the Stratford Plant in 1959, retired from AlliedSignal in 1998 and while employed was represented by Local 1010, UAW.

12. Plaintiff Richard Norko resides in Stratford, Connecticut. He began work at the Stratford Plant in 1962, retired from AlliedSignal in 1998 and while employed was represented by Local 1010, UAW.

13. Plaintiff Annette Dobbs resides in Stratford, Connecticut. She is the surviving spouse of James Dobbs, who began work at the Stratford Plant by 1966, retired from AlliedSignal in 1997 or 1998 and while employed was represented by Local 1010, UAW.

14. Plaintiff Peter Dellolio resides in Shelton, Connecticut. He began work at the Stratford Plant in 1966, retired from AlliedSignal in 1997 and while employed was represented by Local 376, UAW.

15. In 1999 AlliedSignal acquired or merged with Honeywell and took the name Honeywell International Inc. (Honeywell).

16. Honeywell is the successor to AlliedSignal.

17. Honeywell is an employer engaged in commerce within the meaning of 29 U.S.C. §§142, 152 and 185.

18. Honeywell has offices and otherwise does business in Connecticut.

19. Honeywell's predecessor AlliedSignal assumed the provisions of both the 1994 CBAs and 1994 effects bargaining agreements (EBAs) between the UAW and Textron Lycoming Turbine Engine Division that obligate Honeywell to provide retirees and surviving spouses with lifetime full medical coverage.

### Summary of Facts

20. The UAW and its Local 1010 represented the production and maintenance employees at the Stratford Plant from 1951 until the plant closed in 1998 and during that time negotiated a series of three year CBAs with the various operators of the plant.

3

21. The UAW and its Local 376 represented the office and technical employees at the Stratford Plant from 1951 until the plant's closing in 1998 and during that time negotiated a series of three year CBAs with the various operators of the plant.

22. Since 1967 the CBAs promised lifetime full medical coverage for retirees.

23. Since 1976 the CBAs promised lifetime full medical coverage for surviving spouses.

24. In 1994 Textron and the UAW entered into successor CBAs, including Supplemental Agreements Covering Group Insurance Program, in which the promise that the employer would provide lifetime full medical coverage for retirees and surviving spouses remained.

25. In 1994 Textron and the UAW entered into EBAs that included under "PENSIONS" a provision that: "All past and future retired employees and surviving spouses shall continue to receive their full monthly pension, including supplements if any, and full medical coverage as provided in the Pension Plan and Group Insurance Agreement, as now in effect or as hereafter modified by the parties for the life of the retiree or surviving spouse."

26. On July 19 and 22, 1994, AlliedSignal agreed to assume the CBAs described above at ¶¶ 24-25, with the proviso that it was not assuming responsibility for "current retirees" – its obligations were limited to future retirees, with Textron liable for then-current retirees.

27. Since October 29, 1994, AlliedSignal/Honeywell has provided plaintiffs and other bargaining unit employees who have retired with pensions and the promised medical coverage.

28. Since October 29, 1994, AlliedSignal/Honeywell has repeatedly acknowledged in multiple ways its obligation to honor the CBAs described above at ¶¶ 24-25 with respect to full medical coverage for retirees and surviving spouses.

29. In 2003 Honeywell, consistent with a settlement agreement it had executed, signed a notice "PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS" (the decision is published at 253 F.3d 125 (D.C. Cir. 2001)) in which it committed to the federal government: "**WE WILL NOT** fail and refuse to continue to provide benefits, including severance benefits, contained in our Effects Bargaining Agreements with UAW and its Locals 376 and 1010 . . ." (bold in original).

30. In a letter dated December 28, 2015, Honeywell announced to plaintiffs that effective December 31, 2016, it would terminate their medical coverage.

### Class Action

31. Plaintiffs bring this action for themselves and other similarly situated retirees and surviving spouses under Federal Rules of Civil Procedure 23(a) and (b)(1) and (b)(2).

32. The proposed class consists of all former Stratford Plant production and maintenance and office and clerical employees who retired from Honeywell or AlliedSignal since October 28, 1994, and surviving spouses.

33. Honeywell plans to terminate the medical coverage of all proposed class members.

34. On information and belief, the proposed class consists of about 430 retirees and surviving spouses and is so numerous that joinder of all members is impracticable.

35. There are questions of law and fact common to the class relating to the retiree healthcare provisions of the 1994 CBAs and EBAs.

36. The individual plaintiffs' claims are typical of the claims of the proposed class as they arise under the 1994 CBAs and the EBAs.

37. Plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same claims and interests arising out of the same operative facts and law and CBA and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and experienced in labor law, ERISA, and litigation of this kind.

38. The action Honeywell is taking applies to the proposed class, so that final injunctive relief and corresponding declaratory and other relief sought is appropriate respecting the class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims.

39. This action is properly maintained as a class under Federal Rules of Civil Procedure 23(a) and (b)(1) and (b)(2).

## COUNT I – ANTICIPATORY CBA BREACH

40. Paragraphs 1-39 are incorporated in this count.

41. Honeywell is obligated under the 1994 CBAs and EBAs to provide plaintiffs and others similarly situated with lifetime full medical coverage.

42. Honeywell has announced that it will be terminating medical coverage at year-end 2016.

43. This announcement constitutes an anticipatory breach of the 1994 CBAs and EBAs.

44. Honeywell's anticipatory breach was willful in that, on information and belief, Honeywell did not review the operative contractual documents before acting.

45. Given the nature of Honeywell's contractual promise and the circumstances of plaintiffs and those similarly situated, Honeywell's anticipatory breach is particularly likely to result in serious emotional distress.

46. Honeywell's anticipatory breach will cause plaintiffs and proposed class members injury and damage.

## COUNT II – ERISA VIOLATION

47. Paragraphs 1-46 are incorporated in this count.

48. The promised collectively bargained lifetime full medical coverage constitutes one or more employee welfare benefit plans under ERISA, 29 U.S.C. §1002(1).

49. Honeywell is the plan sponsor and administrator of the employee welfare benefit plan(s) under ERISA.

50. Plaintiffs and persons similarly situated are participants in, or beneficiaries of, these employee welfare benefit plan(s) within the meaning of ERISA.

51. The collectively bargained employee welfare benefit plan(s) Honeywell sponsors and administers promise lifetime full medical coverage for retirees, including plaintiffs and others similarly situated.

52. Honeywell's announcement of its intention to terminate retiree medical coverage is actionable under 29 U.S.C. §§1132 which entitle a participant or beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

53. The anticipated termination constitutes a wrongful act and breaches obligations under ERISA and the governing plan(s) and will cause injury and damage to plaintiffs and proposed class members.

## COUNT III – FIDUCIARY BREACH

54. Paragraphs 1-53 are incorporated in this count.

55. Honeywell is a fiduciary with respect to the employee welfare benefit plan described above.

56. As a fiduciary, Honeywell has a duty to act solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and beneficiaries.

57. Honeywell was acting in a fiduciary capacity when it undertook to determine whether it had a contractual right to terminate these benefits.

58. Honeywell breached its fiduciary duties under Section 404(a) of ERISA by determining that it had a contractual right to terminate these benefits without making any effort to obtain, let alone analyze, the plan documents, including the CBAs and the EBAs that it had promised the federal government it would honor.

59. Honeywell's fiduciary breaches entitle plaintiffs and class members to injunctive and equitable relief under ERISA.

### Relief Requested

Plaintiffs ask that the Court:

1. certify this action as a class action, appoint plaintiffs as class representatives, and appoint plaintiffs' counsel as class counsel;

2. declare and determine that Honeywell's announcement that it intends to terminate medical coverage at year-end breaches the 1994 CBAs and EBAs and the related welfare benefit plan(s);

3. issue preliminary and permanent injunctions directing Honeywell to satisfy its contractual and statutory duties and responsibilities under the 1994 CBAs and EBAs and the related welfare benefit plan(s) and to maintain promised full medical coverage for class members;

4. direct Honeywell to refrain from terminating promised retiree full medical coverage, or if implemented, to restore coverage and remedy those violations by paying damages and otherwise reimbursing and making plaintiffs and class members whole;

5. award damages to plaintiffs and class members and direct Honeywell to reimburse and otherwise make class members whole for any and all losses incurred as a result of Honeywell's wrongful conduct;

6. direct Honeywell to pay interest on damages and "make whole" reimbursements, to pay costs, expenses, and attorney fees, and to pay such other compensatory, punitive, and exemplary damages as may be warranted; and

7. award such other relief as may be warranted by law and equity.

Attorney for Plaintiffs

By: _____

Thomas W. Meiklejohn (ct08755)
Livingston, Adler, Pulda, Meiklejohn
  & Kelly, PC
557 Prospect Avenue
Hartford, CT 06105-5922
(860) 570-4628
twmeiklejohn@lapm.org

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

By: _____
Thomas W. Meiklejohn (ct08755)
Livingston, Adler, Pulda, Meiklejohn
 & Kelly, PC
557 Prospect Avenue
Hartford, CT 06105-5922
(860) 570-4628
twmeiklejohn@lapm.org