Case 3:16-cv-00543-JBA   Document 124   Filed 01/17/20   Page 1 of 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID KELLY, RICHARD NORKO, ANNETTE DOBBS and PETER DELLOLIO,<br>for themselves and others similarly-situated,<br><br>Plaintiffs,<br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Civil Action No.<br>3:16-cv-543 (JAM) |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AND APPROVAL OF CLASS NOTICE**

Class Representatives David Kelly, Richard Norko, Annette Dobbs and Peter Dellolio move, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), for preliminary approval of the class action settlement and approval of a class notice.[1] Defendant Honeywell International Inc. does not oppose this motion. It is supported by a memorandum of law.

In support, Class Representatives state:

1.   Plaintiffs are retired union workers and the surviving spouse of a retired worker from a closed plant in Stratford, Connecticut.

2.   On April 6, 2016, plaintiffs brought this Litigation against Honeywell alleging a right to vested retiree medical coverage. They alleged that Honeywell was the successor to AlliedSignal Inc. which had assumed Effects Bargaining Agreements ("EBAs") that included a provision that "full medical coverage" would be provided "for the life of the retiree or surviving spouse." They further alleged that Honeywell's December 28, 2015 announcement that it would

---

[1] The capitalized terms in this motion are defined in the Settlement Agreement.

terminate retiree medical coverage effective December 31, 2016 constituted an anticipatory breach of this provision. Honeywell moved to dismiss which the Court ultimately found moot. (Dockets 23 and 66.) Honeywell later postponed the medical coverage termination date to March 1, 2017.

3. On November 7, 2016, the Court certified a class of former Stratford Plant production and maintenance and office and clerical employees represented by UAW Locals 376 and 1010 who retired from Honeywell or its predecessor after October 28, 1994, and their surviving spouses who are receiving retirement medical insurance benefits from Honeywell or are otherwise eligible to receive coverage and appointed the undersigned as class counsel. (Dockets 37 and 51.)

4. On February 8, 2017, the Court granted summary judgment in Plaintiffs' favor with respect to Class Members who retired on or before June 6, 1997, the date the EBAs expired ("Subclass A") and issued a permanent injunction. *Kelly v. Honeywell,* 233 F. Supp. 3d 302, 312-316 (D. Conn. 2017). That judgment was affirmed. *Kelly v. Honeywell,* 933 F.3d 173 (2d Cir. 2019). Subclass A Members were therefore awarded complete relief as to their claims.

5. On February 27, 2017 the Court conducted an evidentiary hearing on whether those who retired after June 6, 1997 ("Subclass B") were eligible for these vested benefits. The next day, the Court granted summary judgment in Honeywell's favor as to those retirees. (Docket 64.)

6. Effective March 1, 2017, Honeywell terminated Subclass B Members' medical coverage.

7. On May 25, 2017, the Court reconsidered its decision granting Honeywell summary judgment as to Subclass B, finding that there was a triable issue as to whether its members were eligible for vested benefits. (Docket 82.)

8. On June 27, 2017, the Court ordered Honeywell to reinstate the Subclass B members' coverage pending trial. (Docket 88.) Effective August 1, 2017, Honeywell reinstated their coverage.

9. Honeywell appealed. On August 7, 2019, the Second Circuit affirmed the Court's preliminarily injunction and remanded for further proceedings. *Id.*

10. The further proceedings would be: a) a trial regarding whether Honeywell is obligated to provide vested benefits to Subclass B Members and, if so, whether Subclass B Members are entitled to damages for the period from March through July 2017 when Honeywell was not providing them with medical coverage; and b) plaintiffs' claim for ERISA attorneys' fees and costs.

11. On September 4, 2019, the Court referred this action for a settlement conference. On December 4, 2019, Magistrate Judge Robert Spector conducted a settlement conference and the Parties reached a settlement. The Parties memorialized the settlement agreement in the attached exhibit.

12. The Settlement Agreement provides that in exchange for a final judgment and order of dismissal with prejudice, Honeywell will: a) continue to provide to all Subclass B Members for the remainder of their lives medical coverage consistent with the court orders applicable to the Subclass A Members; b) pay certain Subclass B Members' individual damages in the total amount of $103,934, approximately 75% of what Class Counsel believe are recoverable; and (c) pay plaintiffs' attorneys' fees and costs in the amount of $658,566, approximately 75% of what Class Counsel believe are recoverable.

13. Class Counsel have done two mailings to Subclass B Members and follow-up investigations to determine what damages these retirees incurred while without their medical benefits for five months in 2017.

14. Plaintiffs previously moved for attorneys' fees and costs and provided time and expense records. (Docket 77.) The Court deferred ruling until after the Second Circuit resolved the then pending appeals. (Docket 79.) Plaintiffs provided Honeywell with their subsequent time and expense records in the settlement negotiations and are renewing their motion for attorneys' fees.

## MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

The relevant facts are set forth in the above motion and summarized here.

Plaintiffs are retired union workers and a surviving spouse suing to enforce their right to vested retiree medical coverage. After full discovery, the Court granted a summary judgment in favor of class members who retired on or before June 6, 1997 (Subclass A), the date the last CBA expired, and issued a permanent injunction. *Kelly v. Honeywell,* 233 F. Supp. 3d 302, 312-316 (D. Conn. 2017). That judgment was affirmed. *Kelly v. Honeywell,* 933 F.3d 173 (2d Cir. 2019).

The Court granted Honeywell summary judgment as to those retirees who retired after June 6, 1997 (Subclass B). (Docket 64.) Honeywell then terminated their medical coverage. The Court then reconsidered, finding that there was a triable eligibility issue. (Docket 82.) The Court subsequently ordered Honeywell to reinstate coverage pending trial. (Docket 88.) Honeywell appealed. The Second Circuit affirmed this order and remanded for further proceedings. *Id.*

The further proceedings would be: a) a trial on the vesting liability issue and individual damage claims of Subclass B members for the period when Honeywell was not providing them with coverage; and b) plaintiffs' claim for ERISA attorneys' fees and costs. The Court referred

this action for a settlement conference. Magistrate Judge Robert Spector conducted it and the parties reached a settlement

## ARGUMENT

I. **The Settlement Agreement Merits Preliminary Approval**

The settlement will require Honeywell to a) provide all Subclass B Members with full medical coverage for the rest of their lives consistent with the court orders applicable to the Subclass A Members; b) pay Subclass B Members who claim to have suffered losses as a result of being without benefits in 2017 the total amount of $103,934, approximately 75% of what reasonably could be recovered; c) pay Class Counsel attorneys' fees and costs of $658,566, approximately 75% of what reasonably could be recovered.

The class action settlement provisions of the Rules were amended in 2018 to codify a national standard.[2] The Committee Notes at "Subdivision(e)(2)" provide:

> This amendment therefore directs the parties to present the settlement to the court in terms of a shorter list of core concerns, by focusing on the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal.

Both the procedural and substantive considerations here support preliminary approval of this settlement.

The procedural considerations include, a) the class representatives and counsel adequately representing the class, and b) arm's length negotiations. Rule 23(e)(2)(A) and (B). The Committee

---

[2] The Committee noted "each circuit [had] developed its own vocabulary for expressing these concerns," that in "some circuits, these lists have remained essentially unchanged for thirty or forty years" and that a "lengthy list of factors can take on an independent life, potentially distracting attention from the central concerns that inform the settlement-review process." The Second Circuit was no exception. For example, in *Wal-Mart Stores v. Visa USA*, 396 F.3d 96, 117 (2d Cir. 2005) it relied upon the nine "*Grinnell* factors" from *City of Detroit v. Grinnell,* 495 F.2d 454, 463 (2d Cir. 1974).

notes two objective indicia relevant to these considerations: 1) court-affiliated mediation or facilitation; and 2) the nature and amount of discovery. Here the settlement discussions were at the direction of the Court and the discovery was full blown and complete as is more fully discussed in the motion for attorneys' fees being filed contemporaneously.

The substantive considerations are whether: a) the relief provided to the class is adequate, taking into account: 1) the costs, risks, and delay of trial and appeal; 2) the effectiveness of any proposed method of distributing relief to the class; 3) the terms of any proposed award of attorney's fees; and b) the proposal treats class members equitably relative to each other. Rule 23(e)(2)(C) and (D). Here the relief is almost complete – the vested contractual benefits and individuated damages at 75% of what would be recoverable after trial. And the proposed settlement treats class members exactly the same relative to each other.

**II.     The Class Notice Should Be Approved and a Fairness Hearing Scheduled**

After preliminarily approving a proposed class settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(e)(1)(B). There are no rigid rules to determine whether notice satisfies due process or Rule 23(e) requirements. Rather the notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and the options that are open to them in connection with the proceedings." *Weinberger v. Kendrick,* 698 F.2d 61, 70 (2d Cir. 1982). Here the proposed notice and the letter from Class Counsel are in accord with Rule 23 and due process. They each plainly describe the nature of the case, the settlement's terms, the time and place of the fairness hearing and the procedure whereby objectors may be heard.

## CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court enter the attached order: 1) preliminarily approving the Settlement Agreement; 2) approving the proposed class notice; and 3) scheduling a fairness hearing.

Dated: January 17, 2020

        s/William Wertheimer
        Law Office of William Wertheimer
        550 Vanderbilt Avenue Apt. 610
        Brooklyn, NY 11238
        248-396-2125
        billwertheimer@gmail.com

        Thomas Meiklejohn (ct08755)
        Livingston, Adler, Pulda,
        Meiklejohn & Kelly, PC
        557 Prospect Avenue
        Hartford, CT 06105
        860-570-4628
        twmeiklejohn@lapm.org
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on 17 January 2020, I caused the above to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of interest participating in the CM/ECF system.

        s/William Wertheimer