UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID KELLY *et al.*,<br>    *Plaintiffs*,<br><br>          v.<br><br>HONEYWELL INTERNATIONAL INC.,<br>    *Defendant*. | No. 3:16-cv-00543 (JAM) |

**NOTICE OF DISCLOSURE AND INVOCATION OF CONFIDENTIAL
PROCEDURE FOR REMITTAL OF DISQUALIFICATION**

On August 21, 2019, this case was transferred from another judge to the docket of Judge Meyer. Doc. #111. On January 17, 2020, the parties filed a joint motion for preliminary approval of settlement. Doc. #124. The parties' submission includes a list of class members, and upon Judge Meyer's review of the list he recognized the name of one of the class members, Gary C. Bernacki, Sr., as a person whom Judge Meyer personally knows. The purpose of this notice is to advise the parties of the basis for potential disqualification and to allow the parties to decide on a confidential basis whether they wish to consent to remittal of disqualification.

Several years ago when Judge Meyer was a visiting professor of law with the Supreme Court Advocacy Clinic at Yale Law School, Judge Meyer was part of a team of attorneys who represented Mr. Bernacki *pro bono* for purposes of a certiorari petition that was filed with the U.S. Supreme Court and that was denied. *See Bernacki v. Connecticut*, 133 S. Ct. 1804 (2013). Judge Meyer thereafter represented Mr. Bernacki *pro bono* in the Connecticut Superior Court for purposes of a criminal resentencing proceeding. Mr. Bernacki was sentenced to approximately one year of imprisonment, and while Mr. Bernacki was serving his term of imprisonment, Judge Meyer continued to represent him *pro bono* for purposes of addressing his concerns about

1

medical treatment furnished by the Connecticut Department of Correction. Following Mr. Bernacki's release from imprisonment at some point in 2014, Judge Meyer recalls Mr. Bernacki visiting his chambers with another attorney for lunch in or about 2014, and again in 2016. Judge Meyer does not recall seeing or speaking with Mr. Bernacki since 2016. Mr. Bernacki, however, frequently sends Judge Meyer well wishes by text message on holidays, and Judge Meyer ordinarily responds by text message with reciprocal well wishes. Until Judge Meyer's review of the parties' class list today, Judge Meyer was not aware of Mr. Bernacki's involvement with this litigation.

A judge is required to recuse himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). Canon 3(C) of the Code of Conduct for U.S. Judges lists the following grounds for disqualification:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> > (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness;
> >
> > (c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;
> >
> > (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:
> >
> > > (i) a party to the proceeding, or an officer, director, or trustee of a party;
> > >
> > > (ii) acting as a lawyer in the proceeding;
> > >
> > > (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv) to the judge's knowledge likely to be a material witness in the proceeding;

(e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

Canon 3(D) of the Code of Conduct for U.S. Judges provides that a disqualification may be subject to consent remittal by the parties under certain circumstances:

> *Remittal of Disqualification*. Instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may, except in the circumstances specifically set out in subsections (a) through (e), disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated in the record of the proceeding.

Judge Meyer does not believe that his relationship with Mr. Bernacki establishes any of the mandatory grounds for disqualification listed in subsections (a) through (e) of Canon 3C(1). On other hand, Judge Meyer concludes that his impartiality might reasonably be questioned in view of the relationship as described above with Mr. Bernacki. Although the current settlement posture of this case makes it unclear that Judge Meyer will be asked to resolve any controverted issues that call into question the interests of Mr. Bernacki, Judge Meyer concludes on balance that he should disqualify himself unless the parties choose to remit the disqualification pursuant to Canon 3(D).

For cases involving potential remittal of disqualification pursuant to Canon 3(D), the District of Connecticut has a confidential procedure by which the parties may notify the Clerk of Court whether they wish to consent to a judge's continued participation in a case. Counsel for the parties communicate directly with the Clerk of Court, and the Clerk of Court may not advise the

judge at issue whether any particular party has declined to consent to the judge's continued participation in the case.

The Clerk of Court communicates to the counsel of record the means of filing any consents and a requested response date. If all counsel timely file consents with the Clerk of Court by the requested response date, then the consents shall be made a part of the record, and the case remains with the judge. On the other hand, if one or more parties does not file a consent with the Clerk of Court by the requested response date, then the Clerk of Court randomly reassigns the case to another judge. The Clerk of Court is directed to contact the parties for purposes of initiating its confidential remittal of disqualification procedure.

It is so ordered.

Dated at New Haven this 21st day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge