UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| DAVID KELLY, RICHARD NORKO, | : | |
| ANNETTE DOBBS and PETER | : | |
| DELLOLIO, | : | |
| for themselves and others similarly-situated, | : | Civil Action No. |
| | : | 3:16-cv-543 (JBA) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| HONEYWELL INTERNATIONAL INC., | : | |
| | : | |
| Defendant. | : | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter comes before the Court for approval of the Settlement Agreement dated January 17, 2020. The Court preliminarily approved it on March 9, 2020. The Court held a hearing on June 9, 2020 for the purposes of determining whether its terms are fair, reasonable, and in the best interests of Subclass B. The Court having considered the Settlement Agreement and its exhibits, all papers filed and proceedings had herein, it is hereby ORDERED ADJUDGED AND DECREED THAT:

1.     For purposes of this Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.     This Court has jurisdiction over the subject matter of this litigation and all parties to it, including all Subclass B Members.

3.     Subclass B as certified by the Court's order of February 28, 2017 consists of all former Stratford, Connecticut U.S. Army plant production and maintenance and office and clerical employees represented by UAW Locals 376 and 1010 who retired from Honeywell or its

predecessor after June 6, 1997 and surviving spouses who are receiving retirement health insurance benefits from Honeywell or are otherwise eligible to receive coverage.

4.      In accordance with the Court's preliminary approval order, Notice to Subclass B Members was timely distributed by first-class mail to all Subclass B Members.  In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Subclass B Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

5.      The Notice given to Subclass B of the Settlement Agreement and the other matters set forth herein was the best notice practicable under the circumstances including the individual notice to members of Subclass B who could be identified through reasonable effort. This Notice provided due and adequate notice of those proceedings and of the matters set forth therein to all persons entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

6.      Subclass B Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

7.      All applicable requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 have been satisfied.

8.      This Court hereby approves the terms of the settlement set forth in the Settlement Agreement and finds that it is in all respects fair, reasonable and adequate to Subclass B.  The Court hereby directs the Parties to effectuate the Settlement Agreement in accordance with its terms and conditions.

9.      Honeywell shall comply with the terms of the Settlement Agreement by: a) continuing to provide to all Subclass B Members for the remainder of their lives medical coverage consistent with the court orders applicable to Subclass A Members; b) within 14 calendar days after the Effective Date, remit checks made out to Subclass B Members listed on Exhibit B to the Settlement Agreement who claim to have suffered losses as a result of being without medical coverage during a short period in 2017, in the amounts set opposite their names, which shall not exceed an amount totaling $103,934; and c) within 14 calendar days after the Effective Date, remit payment for plaintiffs' attorneys' fees and costs in the amount of $658,566 to William Wertheimer and Livingston, Adler, Pulka, Meiklejohn & Kelly.

10.     This Litigation and all claims asserted therein is hereby dismissed with prejudice and without costs to any of the Parties other than as provided for in the Settlement Agreement.

11.     Class Representatives and all Subclass B Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) are (i) conclusively deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Representative or Subclass B Member may thereafter discover facts in addition to or different from those which the Class Representative, Subclass B Member, or Class Counsel now know or believe to be true with respect to the Litigation and the Released Claims, whether or not such Subclass B Members have filed an objection to the Settlement or to any application by Class Counsel for an award of attorneys' fees and costs, and whether or not the objections or claims for distribution of such Subclass B Members have been approved or allowed.

12.     The Class Representatives and all Subclass B Members, acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand or claim on the basis of, connected with or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

13.     Class Counsel, the Class Representatives, or Subclass B Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Honeywell and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Subclass B Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative and Subclass B Member has hereby fully, finally and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives and Subclass B Members have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

14.     Neither the entry of this Settlement Agreement nor the consent to this Judgment may be construed as or used as an admission by or against Honeywell of any fault, wrongdoing or liability whatsoever. The Settlement Agreement, this Judgment and any documents related thereto shall not be offered or received in evidence in any civil, criminal or administrative action or proceedings except as may be necessary to consummate or enforce the Settlement Agreement.

15.     Without affecting the finality of this Judgment, this Court retains continuing jurisdiction over (a) implementation of this settlement; and (b) all parties hereto for the purposes of enforcing and administering the Settlement Agreement and exhibits thereto.

16.     In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement shall be rendered null and void.

17.     Upon entry of this Judgment, the Parties and all Subclass B Members are bound by the Settlement Agreement (including any amendments) and by this Judgment.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of June 2020.